IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Shannon M. Buckholt, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| CitiFinancial, Inc,; American Coradius | § | |
| International LLC; and Asset Acceptance | § | |
| LLC | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Subject to and without waiving its objections and defenses including, but not limited to, challenges to service of process, misidentification of the parties, and its right to compel arbitration of this matter, Defendant CitiFinancial Retail Services division of Citicorp Trust Bank, FSB (misidentified and/or improperly named as Defendant CitiFinancial, Inc.)[1] files this Notice of Removal under 28 U.S.C. § 1446(a).

**I.
INTRODUCTION**

On or about June 13, 2011, plaintiff Shannon Buckholt filed a lawsuit styled *Shannon M. Buckholt v. CitiFinancial Inc.; American Coradius International LLC; and Asset Acceptance LLC*, bearing Cause No. 2011-35127, in the 61st Judicial District Court of Harris County. In accordance with 28 U.S.C. §1446(a) and Local Rule 81 of the Southern District of Texas, a copy of all executed

---

[1] CitiFinancial, Inc., the defendant named and served in this lawsuit, is not the proper party to this suit. CitiFinancial Retail Services division of Citicorp Trust Bank, FSB is the owner and holder of the account at issue. Therefore, CitiFinancial Retail Services division of Citicorp Trust Bank, FSB is filing this notice of removal on behalf of the misidentified and/or improperly named party, CitiFinancial, Inc.

1298736v1                                                              1

process, pleadings, and orders served on this defendant in the proceeding, along with an index of all documents filed in state court, a list of all counsel of record, and the court's docket sheet, are attached hereto.

CitiFinancial Retail Services division of Citicorp Trust Bank, FSB files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). CitiFinancial Retail Services division of Citicorp Trust Bank, FSB does not waive any objections or defenses it may have by filing this Notice of Removal, including, but not limited to, challenges to service of process, misidentification of the parties, and its right to compel arbitration of this matter.

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been given to all adverse parties and has been filed with the District Clerk of Harris County, Texas.

## II.
## BASIS FOR REMOVAL

This removal is based on federal question jurisdiction as the Plaintiff's Complaint alleges claims arising under federal law. Specifically, Plaintiff's Complaint alleges multiple statutory violations of the Fair Debt Collections Practices Act, 15 U.S.C. 1691 *et seq.* Plaintiff's claims arise under the laws of the United States, and this Court has original jurisdiction over this action. 28 U.S.C. §§ 1131, 1441(b). Thus, this removal is proper based on federal question jurisdiction.

Additionally, pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this civil action because this suit is between citizens of different states as of the time of the filing of Plaintiff's Complaint, and based upon the allegations asserted by Plaintiff in her Complaint it appears that the amount in controversy exceeds $75,0000.00, exclusive of interest and costs.

Under 28 U.S.C. § 1332 and as alleged in Plaintiff's Complaint, the Plaintiff is deemed a citizen, for purposes of diversity, of Texas. Additionally, under 12 U.S.C. § 1464(x), CitiFinancial

Retail Services division of Citicorp Trust Bank, FSB is deemed a citizen, for purposes of diversity, of Delaware, the State in which Citicorp Trust Bank, FSB maintains its home office.

On information and belief, under 28 U.S.C. §1332(c)(1) and as alleged in Plaintiff's petition, Defendant American Coradius International LLC is a citizen of Delaware, the State in which it was incorporated, with its principal place of business located in a State other than Texas.[2]

On information and belief, under 28 U.S.C. §1332(c)(1) and as alleged in Plaintiff's petition, Defendant Asset Acceptance, LLC is a citizen of Delaware, the State in which it was incorporated, with its principal place of business located in a State other than Texas.[3]

Based on the foregoing, there is complete diversity between the Plaintiff and all Defendants. Moreover, the $75,000 amount in controversy requirement for removal based on diversity is also satisfied. Plaintiff's Complaint alleges five separate claims for relief for which she seeks numerous awards of damages. Plaintiff seeks all available actual and statutory damages for each of her claims related to a credit account of many thousands of dollars, as well as damages for alleged mental anguish and distress resulting from alleged unreasonable collection efforts and invasions of her privacy. Additionally, under the Texas Debt Collection Act, Plaintiff seeks additional damages which can be awarded at the discretion of the court. Plaintiff also seeks exemplary damages and attorneys fees for many of her claims, which are also included in the amount in controversy. Although the exact aggregate amount of these damages is unspecified by Plaintiff, it is apparent on the face of Plaintiff's Complaint in light of all of these various claims and alleged components of damages that Plaintiff is seeking total damages well in excess of $75,000, excluding interests and

---

[2] As of the date of this Removal, Defendant American Caradius International LLC has not been served, and its consent to this Removal is therefore not required.
[3] As of the date of this Removal, Defendant Asset Acceptance, LLC has not been served, and its consent to this Removal is therefore not required.

costs.[4] Thus, this removal is also properly based on diversity jurisdiction under 28 U.S.C. §1332(a), in addition to the federal question jurisdiction which exists.

## III.
## VENUE

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

## IV.
## CONCLUSION

Based on the foregoing, Defendant CitiFinancial Retail Services division of Citicorp Trust Bank, FSB requests that the above-entitled action be removed from state court to the United States District Court for the Southern District of Texas, Houston Division.

---

[4] When the plaintiff's lawsuit fails to allege a specific amount of damages, federal diversity jurisdiction may be invoked when it is "facially apparent" that the amount in controversy exceeds the minimum jurisdictional amount. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The types of claims Plaintiff has asserted in her lawsuit generally involve amounts well in excess of $75,000. *See Household Credit Services, Inc. v. Driscol*, 989 S.W.2d 72, 96 (Tex. App.—El Paso 1998, pet. denied (finding support in a jury award of $250,000 in exemplary damages in an action for unreasonable collection efforts); *See also, Credit Plan Corp. v. Gentry*, 516 S.W.2d 471, 480 (Tex. App.—Houston [14th Dist.] 1974), rev'd on other grounds, *Gentry v. Credit Plan Corp.*, 528 S.W.2d 571 (Tex. 1975) (affirming an award of $69,747.35 in actual damages and $69,447.35 in exemplary damages in a suit alleging unreasonable collection efforts); *see also, Vanderbilt Mortgage & Fin., Inc. v . Flores*, 2011 U.S. Dist. LEXIS 25050, *8 (S.D.Tex. 2011) (entering a judgment awarding plaintiff $15,000 in compensatory damages and $200,000 in exemplary damages in a claim for violations of the Texas Debt Collection Act).

Respectfully submitted,

**ADAMS AND REESE LLP**


_____/s/ Richard A. Stewart_____
Richard A. Stewart
State Bar No. 24028010
S.D. TX ID No. 28322
ADAMS AND REESE LLP
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Telephone: 713.652.5151
Facsimile: 713.652.5152

**ATTORNEY-IN-CHARGE FOR DEFENDANT CITIFINANCIAL RETAIL SERVICES DIVISION OF CITICORP TRUST BANK, FSB**

OF COUNSEL:

ADAMS AND REESE LLP
Francisco J. Caycedo
State Bar No. 24040664
S.D. TX ID No. 36976
Ashley E. Anderson
State Bar No. 24064814
S.D. TX ID No. 960353
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Telephone: 713.652.5151
Facsimile: 713.652.5152

1298736v1

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served on the following attorneys of record via the Court's ECF system and certified mail, return receipt requested, on this 15th day of July 2011:

Kimberly Soard
Law Office of Kimberly Soard, P.C.
3722 Bristleleaf Dr.
Katy, TX 77449
Tel.: (281)647-0899
Fax: (832)553-3087

American Coradius International, LLC
c/o Corporation Service Company
 d/b/a CSC Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3218

Asset Acceptance, LLC
c/o CT Corporation System
350 N. St. Paul, Suite 2900
Dallas, Texas 75201

                                                                      /s/ Richard A. Stewart
                                                                      Richard A. Stewart